**DLD-345**                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2649
_____

In re:  COREY LANE,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:16-cv-08948)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 24, 2017

Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: September 8, 2017)
_____

OPINION*
_____

PER CURIAM

        Late last year, Corey Lane filed a civil rights complaint against the State of New

Jersey.  Lane's claims appear to concern a child welfare proceeding in the Superior Court

of New Jersey - Family Part.  In April 2017, the State moved to dismiss Lane's civil

rights complaint under Fed. R. Civ. P. 12(b). See ECF 26.  That case-dispositive motion

remains pending before the District Court.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

In July 2017, Lane filed with this Court a petition for a writ of mandamus, requesting an "immediate" ruling by the District Court on three motions—for judgment under Fed. R. Civ. P. 54(c), see ECF 40, for entry of default, see ECF 41, and to enforce a judgment, see ECF 42—that he filed in early May 2017. In his petition, Lane also voiced "concerns [about] the impartiality and discretion of the District Court[]."

Shortly after Lane's mandamus petition was filed, two of the pending motions referenced therein were ruled on by the District Court. See ECF 50. Thus, insofar as Lane was requesting mandamus relief based on purportedly excessive delay in the disposition of those two motions, the request was rendered moot by the District Court's subsequent disposition. On August 18, 2017, in apparent acknowledgment of that turn of events, Lane filed with this Court an amended mandamus petition in which he seeks "immediate" rulings by the District Court on his still-pending motion for entry of judgment (ECF 40) and on the State's motion to dismiss (ECF 26). Unlike the original petition, the amended mandamus petition does not question the District Court's "impartiality and discretion."

Lane's amended petition will be denied. While issuance of a writ of mandamus may be warranted where delay by the District Court in adjudicating an application for relief is so protracted as to amount to a failure to exercise jurisdiction, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), no ssuch delay exists at this time. Cf. id. (8

---

constitute binding precedent.

2

months of inaction on motion insufficient to compel mandamus relief).  We are confident that the District Court will, in due course, rule on the pending motions at issue here.