BLD-083                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3677
_____

In re:  COREY LANE,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:16-cv-08948)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 21, 2017

Before:  AMBRO, RESTREPO and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 8, 2018)
_____

OPINION*
_____

PER CURIAM

Corey Lane filed a federal civil rights complaint against the State of New Jersey,

raising claims related to a child welfare proceeding in state court. Currently pending in

the District Court are: (1) Lane's "demand for judgment" under Fed. R. Civ. P. 54(c), <u>see</u>

ECF 40 (filed in May 2017); (2) a fully briefed motion under Fed. R. Civ. P. 12(b) to

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismiss Lane's amended complaint, see ECF 69-71 (briefing completed in October 2017); and (3) Lane's motion under Fed. R. Civ. P. 15(a)(2) to further amend his complaint, see ECF 72 (filed in November 2017), to which New Jersey has not responded. In December 2017, Lane filed with this Court a petition for a writ of mandamus, requesting that we compel the District Court to immediately rule on both his "demand for judgment" and his motion to amend.[1]

Lane's mandamus petition will be denied. As we have previously indicated to Lane in denying him mandamus relief, see In re Lane, 697 Fed. App'x 120, 121 (3d Cir. 2017), while issuance of the writ may be warranted when adjudicatory delay by the District Court is so protracted as to amount to a failure to exercise jurisdiction, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), we are not yet faced with such delay in the proceedings below. Cf. id. (8 months of inaction on motion insufficient to compel mandamus relief). We remain confident that the District Court will, in due course, rule on the pending motions at issue.

---

[1] The Clerk of the District Court appears to have entered the "demand for judgment" on the docket as a motion seeking relief under Fed. R. Civ. P. 54(b). But Lane had invoked only the language of Rule 54(c) to support a request that the District Court grant him "Habeas Corpus Relief of enforcing my right to unsupervised visitation and unsupervised physical custody of my 4 minor children." ECF 40, p. 4. While Lane's mandamus petition indicates—contrary to the text of his Rule 54(c) motion—that he sought relief under Rule 54(b), this discrepancy is immaterial to our disposition. We note for Lane's benefit, however, that Rule 54(c) merely "makes clear that a judgment should give the relief to which a party is entitled, regardless of whether it is legal or equitable or both." Fed. R. Civ. P. 54 advisory committee's note to 1937 adoption. It "was meant to protect a plaintiff from clumsy pleading, which, through technical oversight, might deprive it of a deserved recovery." USX Corp. v. Barnhart, 395 F.3d 161, 165 (3d Cir. 2004).

2